CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 0 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE SHELTON,<br>  Petitioner, | )<br>) Civil Action No. 7:05-cv-00271<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| TRACY S. RAY,<br>  Respondent. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

  Petitioner Tyrone Shelton, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Shelton challenges the validity of his confinement under the 1989 judgments of the Circuit Court for the City of Charlottesville convicting and sentencing Shelton on three cocaine charges. This court conditionally filed the §2254 petition, notified Shelton that his petition appeared to be untimely filed, pursuant to 28 U.S.C. §2244(d), and required him to provide any additional information about the timeliness issue. He has submitted a supplemental memorandum in support of his petition. Upon review of the record as supplemented, however, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

  According to Shelton's petition, he pled not guilty to all charges in the Circuit Court for the City of Charlottesville and was tried before a judge. On May 23, 1989, the court found him guilty on one count of possession of cocaine and sentenced him to six years. On June 20, 1989, the same court found him guilty of two counts of possession with intent to distribute cocaine and sentenced him to two, consecutive six-year sentences. Shelton did not appeal. On June 14, 2004, Shelton filed a state habeas petition in the Supreme Court of Virginia. By order dated September 23, 2004, the Supreme Court of Virginia denied Shelton's petition as untimely filed, pursuant to Virginia Code §8.01-654(A)(2). On March 27, 2005, Shelton executed his federal

1

habeas petition, alleging the following grounds for relief:

1. Trial counsel provided ineffective assistance when they failed to investigate and present an entrapment defense after petitioner alerted them to it.

2. Court-appointed counsel deprived petitioner of equal protection and due process when they failed to perfect an appeal from his convictions and failed to provide him with a copy of the trial transcripts.

3. Petitioner was denied the right to know whether the three sentences imposed were to run concurrent or consecutive to each other.

II.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). Subsections B and C of Section §2244(d)(1) clearly do not apply to Shelton's case. He does not allege any facts indicating that state officials impeded his ability to file a federal habeas petition concerning his claims, nor do any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court.

Shelton appears to argue that his one-year filing period was triggered under §2244(d)(1)(D) by Shelton's "discovery" in April 2004 that his attorneys failed to appeal his convictions in 1989. In Claim 2 of the instant petition, Shelton states that the trial court advised him of his right to appeal within thirty days and appointed counsel to represent him if he decided he wanted to appeal. Shelton alleges that trial counsel "elected [not] to perfect petitioner's

2

appeals" and did not provide him with a trial transcript or advise him of his right to receive a free transcript. Shelton now states that in his ignorance of the law and due to his counsels' "silence," he assumed that counsel had filed appeals and that both appeals had been denied. Sixteen years later (in April 2004), after discussing his convictions with a jailhouse lawyer, Shelton decided that it was unlikely that either attorney ever filed an appeal on his behalf. Shortly thereafter, he filed his state habeas petition. These facts, even if true as alleged, are insufficient to trigger §2244(d)(1)(D). This subsection requires a showing that petitioner exercised due diligence to discover the factual predicate of his claims. Shelton makes absolutely no such showing. He does not allege that he ever wrote to his attorneys or otherwise attempted to contact them about appeals, within the thirty-day appeal period or at any time thereafter.

The timeliness of Shelton's petition must be calculated, then, under Subsection A, based on the date when his convictions became final. A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). A criminal defendant in Virginia has only thirty days from the date of his conviction in which to file an appeal. See Virginia Code §8.01-675.3. As Shelton did not appeal, his convictions became final on or about June 23, 1989, and July 20, 1989, well before Congress enacted the AEDPA on April 24, 1996. Such defendants in the Fourth Circuit had one year from the effective date of the AEDPA to file a federal habeas petition. See Hernandez v. Cardwell, 225 F.2d 435 (4th Cir. 2000); Brown v. Angelone, 150 F. 3d 370 (4th Cir. 1998). Under this principle, Shelton had until April 24, 1997, to file a §2254 petition. He signed and dated his petition on March 27, 2005. Even considering this date as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely under §2254(d)(1)(A).

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). Shelton did not file his state habeas petition until March 2005, long after his time to file a federal petition had expired on April 24, 1997. Thus, the filing and pendency of his state petition did not toll the federal statutory period, as that

3

period had already run. Neither has Shelton shown any ground upon which equitable tolling is warranted in his case. Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) cert. denied, 541 U.S. 905 (2004). Finally, even if this court equitably tolled the statute of limitations and addressed Shelton's petition, his claims would be procedurally barred from federal habeas review because the Supreme Court of Virginia found them to be untimely filed under the state statute of limitations. See Harris v. Reed, 489 U.S. 255, 262 (1989). Shelton's claim of ineffective assistance on appeal cannot excuse his procedural defaults because it, too, was dismissed by the Supreme Court of Virginia on state procedural grounds, and Shelton fails to excuse this default. Edwards v. Carpenter, 529 U.S. 446 (2000) (defaulted ineffective assistance claim cannot serve as cause to excuse other procedurally defaulted claims).

### III.

In conclusion, the court finds that Shelton's petition was untimely filed, pursuant to §2244(d)(1), and must be dismissed accordingly, pursuant to Rule 4 of the Rules Governing §2254 Proceedings. This rule allows a judge to dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief. An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 20th day of July, 2005.

/s/ James C. Turk
Senior United States District Judge

4

Case 7:05-cv-00271-JCT-mfu   Document 8   Filed 07/20/05   Page 4 of 4   Pageid#: 111